United States District Court

Eastern District of California

United States of America,

      Plaintiff,              No. Cr. S 96-0407 DFL

  vs.                      Civ. S 00-1433 MCE PAN P

Amado Betancourt Reyes,      Findings and Recommendations

      Defendant.

-oOo-

November 4, 1997, a jury convicted defendant of possessing methamphetamine and conspiring to distribute methamphetamine and possess methamphetamine with intent to distribute it.  April 9, 1998, the court sentenced him to 292 months imprisonment, five years of supervised release, and $200 in special assessments. The court of appeals affirmed April 29, 1999.

June 30, 2000, defendant moved to vacate or set aside his sentence.  28 U.S.C. § 2255.  He claims error based on the government's use of confidential informant Mendoza as a witness,

1   the court's requirement that defendant take the stand and

2   testify before it would instruct on entrapment, and prosecutorial

3   vouching for Mendoza's credibility.  Most of these issues were

4   rejected by the Ninth Circuit in deciding defendant's appeal.

5   Defendant procedurally defaulted any issues not raised on appeal.

6   United States v. Ratigan, 351 F.3d 957 (9th Cir. 2003).

7       The court appointed counsel and April 2, 2001 defendant

8   filed an amended motion to correct sentence.  Defendant argues

9   his sentence violates the Sixth Amendment because it was based on

10  a drug quantity not found by a jury beyond a reasonable doubt.

11  Apprendi v. New Jersey, 530 U.S. 466 (2000).  The government

12  opposed May 25, 2001, and defendant replied July 25, 2001.

13      The United States Supreme Court has held that the rationale

14  set forth in Apprendi applies equally to defendants sentenced

15  under the Federal Sentencing Guidelines.  United States v.

16  Booker, ___ U.S. ___, 125 S.Ct. 738 (2005).  Nevertheless, the

17  Ninth Circuit consistently has held Apprendi claims cannot be

18  raised on initial collateral review.  United States v. Sanchez-

19  Cervantes, 282 F.3d 664 (9th Cir. 2002); Cooper-Smith v.

20  Palmateer, 397 F.3d 1236, 1245-46 (9th Cir. 2005).  All courts to

21  have addressed the issue conclude Booker does not apply

22  retroactively on collateral review either.  Varela v. United

23  States, 400 F.3d 864, 868 (11th Cir. 2005); Humphress v. United

24  States, 398 F.3d 855, 860 (6th Cir. 2005); Guzman v. United

25  States, 404 F.3d 139, 141 (2d cir. 2005).  Therefore claims in

26  the amended motion fail.

1    Accordingly, the court hereby recommends:

2        1.   Defendant's June 30, 2000, motion to vacate or set aside

3    his sentence be denied.

4        2.   Defendant's April 2, 2001, amended motion to vacate or

5    set aside his sentence be denied.

6        3.   The clerk of the court be directed to close the

7    companion civil case number Civ. S 00-1433 MCE PAN P.

8        Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these

9    findings and recommendations are submitted to the United States

10   District Judge assigned to this case.  Written objections may be

11   filed within 20 days of service of these findings and

12   recommendations.  The document should be captioned "Objections to

13   Magistrate Judge's Findings and Recommendations."  The district

14   judge may accept, reject, or modify these findings and

15   recommendations in whole or in part.

16       Dated:   October 31, 2005.

17                              /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
18                              Magistrate Judge

19

20

21

22

23

24

25

26