UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:96-cr-0407 KJM |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| AMADO BETANCOURT REYES, | |
| Defendant. | |

Defendant Amado Betancourt Reyes, proceeding pro se[1], has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 175. Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which lowered by two points the base offense level for most drug trafficking offenses. The Amendment applies retroactively to defendants sentenced prior to its effective date. *See Serrano v. U.S.*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1. Although directed to do so, *see* ECF No. 60, the government has not filed a response to defendant's motion. After consideration of the moving papers and the arguments, of counsel, the court hereby grants defendant's motion.

On November 5, 1997, defendant was convicted by a jury on charges of conspiracy to distribute and possess with intent to distribute methamphetamine (Count 1) and possession with

---

[1] On March 19, 2015, the Office of the Federal Defender filed notice that it did not recommend appointment of counsel to represent defendant on the instant motion. *See* ECF No. 176.

1

intent to distribute methamphetamine (Count 2), in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* Presentence Investigation Report (PSR) at 1.[2] On April 9, 1998, he was sentenced to 292 months in prison on Count 1 and a concurrent term of 292 months on Count 2. ECF No. 79.

The authority of the district courts to modify a prison sentence is governed by 18 U.S.C. § 3582, which provides in relevant part:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G §1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). This is done "by '"determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.' *Dillon*, 130 S.Ct. at 2691 (quoting §1B1.10(b)(1))." *Dunn*, 1155 n.3. Generally, §1B1.10 precludes reduction of a term of imprisonment below the minimum of the amended guideline range. *Id.* However, U.S.S.G. §1B1.10(b)(2)(B) authorizes a reduction below the amended guideline range for a defendant whose original sentence was below the then-applicable guideline range based on substantial assistance to the government.[3]

---

[2] A copy of the January 13, 1998 PSR is filed under seal as required by this order.

[3] U.S. Sentencing Guidelines Manual § 1B1.10((b)(2)(B) (2014) provides:

> (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the

2

Here, defendant's commitment offense involved 517.44 grams of actual methamphetamine. PSR ¶ 3. At the time of defendant's sentencing, the sentencing guidelines provided a base offense level of 34 for that amount of methamphetamine. PSR ¶ 15; U.S.S.G. §2D1.1(c)(3)(1997).[4] Defendant received a two-level increase for obstruction of justice, making his total offense level 36. PSR ¶¶ 18-21. His criminal history category was V, PSR ¶ 31, making his sentencing guideline range 292 to 365 months in prison. PSR ¶ 45. As noted above, the court sentenced defendant to 292 months in prison on Count 1 and a concurrent 292 month term on Count 2.

Amendment 782 did not change the base offense level for 517.44 grams of actual methamphetamine, which remains at 34. U.S.S.G. §2D1.1(c)(4)(2014). Thus, the amendment does not authorize a reduction in defendant's sentence.

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Amado Betancourt Reyes' motion to reduce sentence, ECF No. 175, is denied; and

2. The Clerk of the Court is directed to file the January 13, 1998 Presentence Investigation Report for defendant under seal.

DATED: November 12, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

> defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

[4] The 1997 Guidelines Manual was used in the preparation of defendant's PSR. PSR § 13.